UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:25-cv-04050-JAK-MAA                                         Date: July 7, 2025

Title: Jasman Dawone Holman v. The People of State of California

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause re: Apparent Defects in Petition

On April 23, 2025, Petitioner Jasman Dewone Holman, acting *pro se*, executed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), which was received by the Court on May 5, 2025. (Pet., ECF No. 1.) On May 9, the Court received and filed a First Amended Petition ("FAP") from Petitioner. (FAP, ECF No. 4.)

The FAP appears to suffer from certain procedural defects that must be addressed by Petitioner so that the Court may determine whether he will be permitted to proceed with this action. These potential defects are listed below. The Court **ORDERS** Petitioner to respond to the following issues by no later than **August 7, 2025**.

## Wholly Unexhausted Petition

Setting aside the question of whether the FAP presents cognizable grounds for federal habeas relief, it appears that the FAP potentially may be wholly unexhausted.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-04050-JAK-MAA                                                                Date:  July 7, 2025

Title:         Jasman Dawone Holman v. The People of State of California

the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Both the FAP and the original Petition are difficult to read.  Nonetheless, it is clear that Petitioner is challenging a conviction resulting from his trial in the Los Angeles Superior Court in case number XCNBA504771-01, for which sentence was imposed on December 18, 2024.  (FAP 2.)  Further details regarding the procedural history of Petitioner's criminal conviction are difficult to glean from the FAP, so the Court takes judicial notice of relevant state cases relating to Petitioner's conviction.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, it appears from the online docket of the Second Appellate District Court of Appeal for the State of California that Petitioner's direct appeal from his December 18, 2024 conviction is still pending.  *See* CALIFORNIA APPELLATE COURTS CASE INFORMATION, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (Search - 2nd Appellate District) (search by case number for "XCNBA504771-01" or "B342613") (last visited July 7, 2025).  A notice of appeal was filed on December 18, 2024,[1] and the appeal was referred to the California Appellate Project on February 18, 2025 for a recommendation regarding the appointment of counsel to represent Petitioner on appeal.  *Id.* (follow "Docket" link).  It does not appear that a particular attorney has yet been appointed.  *Id.* (follow "Parties and Attorneys" link).  Unsurprisingly, given that the direct appeal of his conviction has not yet even been briefed to the Court of Appeal, a search of the online case information portal for the California Supreme Court reveals no indication that

---

[1] In fact, three separate notices of appeal were filed; on February 18, 2025, one—filed on December 10, 2024—was dismissed as premature, and one of the two filed on December 18, 2024 was dismissed as duplicative.  *Id.* (follow "Docket" link).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  2:25-cv-04050-JAK-MAA                                            Date:  July 7, 2025

Title:     Jasman Dawone Holman v. The People of State of California

Petitioner has ever filed anything with that court.  *See* CALIFORNIA APPELLATE COURTS CASE INFORMATION, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (Search – Supreme Court) (search by case number for "XCNBA504771-01" or by party name for "Jasman Holman") (last visited July 7, 2025).

    As explained above, Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.  In the event that the FAP is wholly unexhausted, it may be subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).  As there is no indication that Petitioner has presented any of his claims to the California Supreme Court, and as it appears that the direct appeal of his conviction is still pending before the California Court of Appeal, it seems likely that the FAP is wholly unexhausted. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . ."); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) (affirming that "*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"); *Clark v. Shirley*, No. 22-55188, 2023 U.S. App. LEXIS 11866, at *1 (9th Cir. May 15, 2023) (finding that Section 2254 petition filed while direct appeal was still pending was premature).  Thus, summary dismissal may be appropriate.

    Before the Court makes a recommendation to the District Judge regarding this issue, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the FAP for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **August 7, 2025**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

    (1) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his FAP.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    (2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-04050-JAK-MAA                                                                 Date:  July 7, 2025

Title:     Jasman Dawone Holman v. The People of State of California

which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

(3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is cautioned that failure to respond to this Order by August 7, 2025 may result in a recommendation that the FAP be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

**Personal Jurisdiction**

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated."  *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

Petitioner named the People of the State of California as the sole respondent.  (Pet. 1; FAP 1.)  This is not the proper respondent to this action.  Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of the institution in which Petitioner is currently incarcerated—by no later than **August 7, 2025**.  Failure to do so may result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the FAP.  If Petitioner files a response identifying by name the proper respondent before **August 7, 2025**, this order to show cause shall be discharged.

**Petitioner is cautioned that failure to respond to this Order by August 7, 2025 may result in a recommendation that the FAP be dismissed without prejudice for lack of personal**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  2:25-cv-04050-JAK-MAA                                                           Date:  July 7, 2025

Title:      Jasman Dawone Holman v. The People of State of California

**jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

### Change of Address

The Court is aware that, according to the California Department of Corrections and Rehabilitation's California Incarcerated Records and Information Search, Petitioner now appears to be located at the California Medical Institution in Vacaville, California, a different institution from the one where he was located when he filed his original Petition.  *See* CAL. DEP'T OF CORR. & REHAB., CAL. INCARCERATED RECORDS INFORMATION SEARCH, https://apps.cdcr.ca.gov/ciris/search (last visited June 27, 2025).  Petitioner is advised that, if his address has changed, he must inform the Court of the change as required by Central District of California Local Civil Rule 41-6, which states:

> ***Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.***  A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

*See* C.D. Cal. L.R. 41-6.

If Petitioner has in fact relocated to a new address, he is **ORDERED** to notify the Court of the new address **immediately**.  A Notice of Change of Address form is attached to this Order.  In the meantime, in an abundance of caution, and as a one-time courtesy to Petitioner, the Court **DIRECTS** the Clerk's Office to serve this Order by U.S. Mail to Petitioner at both the address currently listed on the Court's docket and the following address:

> Jasman Dawone Holman
> CDCR No. BZ4944
> P.O. Box 2000
> Vacaville, CA 95696-2000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-04050-JAK-MAA                                      Date:  July 7, 2025

Title:     Jasman Dawone Holman v. The People of State of California

**Petitioner is cautioned that failure to comply with this Order may result in a recommendation that this case be dismissed without prejudice for failure to keep the Court apprised of his current address, failure to prosecute, and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).** See **C.D. Cal. L.R. 41-6.**

* * *

This Order is non-dispositive. However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Notice of Change of Address Form